**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**CONOPCO, INC., d/b/a UNILEVER**,

    Plaintiff,

v.

**WBM, LLC**,

    Defendant.

Civil Action No. 21-14205 (ZNQ) (RLS)

**OPINION**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Dismiss Defendant's Counterclaims and Strike Certain Affirmative Defenses filed by Plaintiff Conopco, Inc. ("Plaintiff"). ("Moving Br.", ECF No. 20-1.)  Defendant WBM, LLC ("Defendant") filed an Opposition to the Motion ("Opp'n Br.", ECF No. 28) to which Plaintiff replied ("Reply", ECF No. 29.)

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT-IN-PART and DENY-IN-PART as follows: GRANT Plaintiff's Motion to Dismiss Defendant's Counterclaims, GRANT Plaintiff's Motion to Strike Defendant's Second, and Fifth Affirmative Defenses, DENY Plaintiff's Motion to Strike Defendant's Sixth, Tenth, and Eleventh Affirmative Defense, and DENY AS MOOT Plaintiff's Motion to Strike Defendant's former Third, Seventh, and Eighth affirmative defenses.

1

I.  **BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff corporation initiated this action by filing its initial Complaint on July 27, 2021. ("Compl.", ECF No. 1.)  The Complaint alleges a civil action for trade dress infringement and unfair competition under federal, state, and common law. (*Id.* ¶ 1.) Plaintiff alleges that Defendant recently created a "Nature and Love" brand of liquid handwash in packaging that copies and mimics the elements of [it]'s Love Beauty and Planet ("LBP") packaging designs. (*Id.* ¶ 3.) "Since the inception of its LBP brand in 2018, [Plaintiff] has extensively used and promoted a packaging design with a distinct and uniform look and feel to ensure consistent branding and to distinguish its products from others in the marketplace." (*Id.* ¶ 11.)  Namely, Plaintiff uses a translucent bottle with pictorial graphics of fruit, flowers, herbs, and/or plants to create a decorative border on the product label that surrounds the outer perimeter of the front side of the bottle and encloses the front panel of the product packaging, use of a solid color panel at the front of the product packaging that depicts the product name, variant name, and descriptive information about the product, use of solid contrasting color bands to set off two component words of the LBP brand name, and positioned directly below the LBP brand name, and the product identifier positioned at the bottom portion of product packaging.  (*Id.* ¶ 12.)  As a result, Plaintiff "developed strong common law rights, consumer recognition, and brand identity in the LBP Trade Dress from its consistent, exclusive, and extensive use in commerce." (*Id.* ¶ 13.)

Defendant recently began offering a line of liquid handwash in the U.S. under the brand name "Nature and Love." (*Id.* ¶ 20.)  Defendant's packaging emulates that of Plaintiff's. (*Id.* ¶ 21.)  Namely, it has a translucent bottle, the product label features a decorative border comprised of similar pictorial graphics, surrounding the outer perimeter of the front side of the bottle and

---

[1] For the purpose of articulating the background of this matter, and solely for that purpose, the Court assumes the facts alleged in the Complaint are true.

enclosing the front panel of the product packaging, the bottle features a solid color panel at the front of the product packaging that depicts the product name, variant name, and descriptive information about the product, the bottle features solid contrasting color bands on the solid panel to set off two core component words of the brand name, the ingredients are positioned directly below the LBP brand name, and the product identifier is positioned at the bottom portion of product packaging. (*Id.*) Defendant's liquid handwash competes directly with Plaintiff's and is advertised on similar platforms. (*Id.* ¶¶ 23–24.) Defendant's use of unauthorized packaging is likely to cause confusion, mistake, and deception as to the source or origin of Plaintiff's products. (*Id.* ¶ 27.) Accordingly, Plaintiff seeks to enjoin Defendant's "use of its copycat packaging designs and to recover actual damages, [Defendant]'s profits, and other relief, including attorneys' fees and costs" (*id.* ¶ 3) and allege trade dress infringement, false designation of origin, passing off, and unfair competition under section 43(a) of the Lanham Act (Count I), trade dress infringement and unfair competition under N.J.S.A. §§ 56:4-1, et. seq. and § 56:3-13.16(a) (Count II), and trade dress infringement and unfair competition under New Jersey common law (Count III).

On September 27, 2021, Defendant filed its Answer and counterclaims to Plaintiff's Complaint. ("Answer", ECF No. 10.) On November 1, 2021, Plaintiff filed its Motion to Dismiss Defendant's Counterclaims and Strike Certain Affirmative Defenses. (ECF No. 20.) On March 18, 2022, Defendant filed an Opposition to Plaintiff's Motion along with a motion for leave to amend its Answer. (ECF No. 28.) The Court will grant Defendant's Cross Motion for leave to amend its Answer, and considers the attached Amended Answer the operative Answer. ("Am. Answer", ECF No. 28–3.)

## II. JURISDICTION

Based on the nature of Plaintiff's federal claims, the Court has jurisdiction over the subject matter of this suit pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b). The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

## III. LEGAL STANDARD

### A. MOTION TO DISMISS UNDER RULE 12(b)(6)

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element, *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred).

"Courts use the same standard in ruling on a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) as they do for a motion to dismiss a complaint." *RBC Bank (USA) v. Petrozzini*, Civ. No. 12-155, 2012 WL 1965370, at *2 (D.N.J. May 31, 2012). In view of this standard, when considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a [defendant] must plead to state a [counter]claim.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the allegations in the Defendants' counterclaim and all reasonable inferences that can be drawn

therefrom, and construe the counterclaim in the light most favorable to the Defendants. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). However, the court should disregard any conclusory allegations proffered in the counterclaim. *Id*. Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts are sufficient to show that [defendants have] a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). This requires more than a mere allegation of an entitlement to relief. *Id*. "A [counterclaim] has to 'show' such an entitlement with its facts." *Id*. A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id*. at 210 (quoting *Iqbal*, 556 U.S. at 678). Facts suggesting the "mere possibility of misconduct" fail to show that the Defendants are entitled to relief. *Id*. at 211 (quoting Iqbal, 556 U.S. at 679). When considering a Rule 12(b)(6) motion, a court's role is limited to determining whether the defendants are entitled to offer evidence in support of the alleged claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court does not consider whether the defendants will ultimately prevail. *See id*.

      B.      **MOTION TO STRIKE UNDER RULE 12(f)**

Federal Rule of Civil Procedure 12(f) provides, inter alia, that the court may strike from a pleading an insufficient defense or immaterial matter. A motion to strike pursuant to Rule 12(f) will be granted only where "the insufficiency of the defense is clearly apparent." *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986) (internal quotation omitted); *see also In re Gabapentin Patent Litig.*, 648 F. Supp. 2d 641, 647–48 (D.N.J. 2009) (a court may only strike a defense where that defense "is insufficient at law and [] it cannot succeed under any circumstances"); *Glenside West Corp. v. Exxon Co., U.S.A.*, 761 F. Supp. 1100, 1114 (D.N.J. 1991) ("Motions to strike an affirmative defense under Rule 12(f) are 'not favored and will not be granted

unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'") (quoting *Durham Indus., Inc. v. North River Ins. Co.*, 482 F. Supp. 910, 913 (S.D.N.Y. 1979)).  The "underpinning" of the principle that courts will only strike clearly insufficient defenses "rests on a concern that a court should restrain from evaluating the merits of a defense where . . . the factual background for a case is largely undeveloped." *Id.*; *see also F.D.I.C. v. Modular Homes, Inc.*, 859 F. Supp. 117, 120 (D.N.J. 1994) ("A Rule 12(f) motion is not meant to determine unclear or disputed questions of law.").  "Defenses that are 'nothing but bare bones conclusory allegations,'" however, "can be stricken." *Modular Homes, Inc.*, 859 F. Supp. at 120 (quoting *Heller Financial, Inc. v. Midwhey Powder Co.*, 888 F.2d 1286, 1294 (7th Cir. 1989)).

## IV.  DISCUSSION

### A.  MOTION TO DISMISS

In its Answer, Defendant asserts three counterclaims against Plaintiff.  (Am. Answer at 22–23.)  Specifically, Defendant argues that Plaintiff's "action is an attempt to exploit an invalid federal trademark to challenge [Defendant]'s use of trade dress which was created by [Defendant] many years before [Plaintiff] began using their own trade dress." (*Id.* at 17.)  Defendant committed to providing consumers purely natural goods and launched the brand name "Natural Solutions" in 2008. (*Id.* at 18.)  "Beginning in 2008, [Defendant] designed and adopted clear and translucent packaging bottles, jars, and other packages for packaging of the brands to showcase the natural look of the product and its ingredients and to help customers understand the natural based products." (*Id.*)  "To protect its trade dress and intellectual property rights, Defendant applied for the Registration of a Trademark on December 5, 2008, and it was registered on September 1, 2009." (*Id.*)  Defendant also registered the Trade Dress rights for the slogan "Crafted with Love

6

in Harmony with Nature". (*Id.*) Defendant's trade dress has been distinctive and in use long before Plaintiff started using similar packaging. (*Id.* at 22.) Therefore, Plaintiff's use of the unauthorized packaging is likely to cause confusion, mistake, or deception as to the origin, its goods and services and thus constitute trade dress infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (Count I), trade dress infringement and unfair competition under N.J.S.A. §§ 56:4-1, et. seq. and § 56:3-13.16(a) (Count II), and trade dress infringement and unfair competition under New Jersey common law (Count III). (*Id.* at 22–23.)

Plaintiff's Motion to Dismiss argues that Defendant's counterclaims should be dismissed because they fail to state a claim. (Moving Br. at 14.) Specifically, Defendant fails to define its trade dress as it neglected to specify the discrete elements which make up the allegedly protected trade dress. (*Id.* at 15.) Moreover, Defendant failed to adequately plead priority of use because it is unclear when and where it started using the design it seeks to protect. (*Id.* at 19.) Lastly, Defendant failed to identify any allegedly infringing product because Defendant never specified "which of [Plaintiff']s products are accused of infringing [Defendant]'s purported rights." (*Id*. at 20.)

Trade dress refers to the "total image or overall appearance of a product." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 (3d Cir. 2014) (citation omitted). It broadly includes, among other things, "size, shape, color or color combinations, texture, graphics, or even a particular sales technique." *Id*. The Third Circuit has noted that "before [the Court] reaches the question of protectability . . . a district court should scrutinize a plaintiff's description of its trade dress to ensure itself that the plaintiff seeks protection of visual elements of its business." *Id.* at 309. This includes a "duty to articulat[e] the specific elements which comprise its distinct dress."

7

*Id.* To meet this duty "[t]he discrete elements which make up the [trade dress claim] should be separated out and identified in a list." *Id.* (quoting 1 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 8:3 (4th ed. 2014). "[M]erely includ[ing] images" of products is insufficient to "adequately 'articulate the specific elements which comprise [a] distinct dress.'" *Tristar Prods., Inc. v. E. Mishan & Sons, Inc.*, Civ. No. 17-1204, 2017 WL 1404315, at *7 (D.N.J. Apr. 19, 2017) (citing *Fair Wind*, 764 F.3d at 309); *see Liko AB v. Rise Lifts, Inc.*, Civ. No. 07-5302, 2008 WL 2977869, at *6 (E.D. Pa. July 31, 2008) ("The mere attachment of photographs is not sufficient to provide notice of what elements are alleged to constitute the trade dress at issue.").

The Third Circuit decision in *Fair Wind Sailing* is analogous to the case at bar. There, on a motion to dismiss, the plaintiff argued that its trade dress constituted its "web design," which the complaint identified as "contain[ing] a picture of [plaintiff's] catamaran, as well as student feedback mechanisms, curriculum, and itineraries." 764 F.3d at 310. Despite describing these aspects of its website and stating that the overall "web design" constituted protectable trade dress, the Third Circuit held that "the complaint d[id] not enumerate what specific elements of [the] website comprise[d] a distinctive trade dress or that [the] site ha[d] any distinctive ornamental features." *Id*. "Because [plaintiff] failed to give [d]efendants adequate notice of what overall look it wishe[d] to protect, its trade dress claims cannot survive [d]efendants' motion to dismiss." *Id.*

The Court in *Tristar* granted a motion to dismiss on similar grounds. 2017 WL 1404315, at *7. There, rather than identifying the elements of its alleged trade dress, the "[c]omplaint merely include[d] images of the [alleged] Copper Chef pan and baldly state[d] that '[a]ll the features that make up the COPPER CHEF trade dress are nonfunctional.'" *Id*. The court held that these

8

allegations did "not adequately 'articulate the specific elements which comprise its distinct dress'" and granted the defendant's motion to dismiss. *Id.* (citation omitted).

Similarly here, Defendant fails to articulate the specific elements of its alleged trade dress. Defendant vaguely refers to "translucent packaging" (Am. Answer at 18–19) and only broadly argues in its Opposition that "[it]'s counterclaims for trade dress are in relation to the same handsoap packages that Plaintiff discusses in its Complaint [therefore] Plaintiff is keenly aware of the elements of the trade dress which make up the overall look of [Defendant]'s handsoap packaging as it pled so in detail in the Complaint." (Opp'n Br. at 6.) This falls far short of the duty to articulate the specific elements of its trade dress. *See Fair Wind Sailing*, 764 F.3d at 309-10. Even more confusingly, Defendant argues at least twice that it's packaging is completely different than Plaintiff's. Specifically, Defendant alleges

> [t]he decorative border . . . consists of leaves of different plants & some flowers, while the flowers at the decorative border of brand of WBM are *totally different* by its kind of flowers, color scheme & get up. The packaging design, get up, logo, color scheme of the brands of Plaintiff and of WBM are totally different having no resemblance with each other and do not cause confusion.

(Am. Answer at 4) (emphasis added). Defendant also alleges that "[t]he trade dress and packaging of the brands referenced are *totally different*, the flowers, leaves & color scheme, design, get up, font, size, spacing, background colors, impressions of the decorative border are also different from each other." (*Id.* at 9) (emphasis added). Thus, not only did Defendant neglect to accurately describe the trade dress it seeks to protect but it also confusingly argues that its trade dress is "totally different" than Plaintiff's, which undermines any trade dress infringement counterclaims. Defendant's neglect to provide a description of the trade dress it seeks to protect in its counterclaims fails to give Plaintiff the required notice. Accordingly, Defendant's trade dress infringement claims will therefore be dismissed without prejudice.

9

B. **MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Plaintiff also argues that Defendant's second, third, sixth, seventh, eighth, ninth, thirteenth, and fourteenth affirmative defenses should be stricken. (Moving Br. at 21.)

By way of amending its Answer, Defendant has removed some of the challenged affirmative defenses and renumbered the remaining defenses. The Court will apply Plaintiff's challenges to the coinciding affirmative defense albeit renumbered.[2] The remaining challenged affirmative defenses are as follows: 1) Plaintiff lacks standing because it has no valid rights in the subject marks, trade dresses, and other intellectual property and Defendant can establish priority of use in the United States (the "second affirmative defense"); 2) Plaintiff's claims are barred by Law, in whole or in part, by applicable statutes of Trade Dress and Intellectual Property law (the "fifth affirmative defense"); 3) Plaintiff's claims are barred, in whole or in part, because of no similarity of both the brands of the plaintiff and of the Defendant (the "sixth affirmative defense"); 4) Plaintiff's claims are barred because Defendant LLC did not act with malice or with reckless indifference to the federally protected rights of Plaintiff (the "tenth affirmative defense"); 5) Plaintiff is not entitled to its sought injunction nor damages, because Defendant made good faith efforts to comply with trade dress laws and other applicable laws (the "eleventh affirmative defense").

1. The Second Affirmative Defense

Defendant's second affirmative defense asserts that Plaintiff "lacks standing because it has no valid rights in the subject marks, trade dresses, and other intellectual property." (Am. Answer at 16.) Plaintiff maintains that it has adequately pled standing. (Moving Br. at 25.)

---

[2] Defendant's Amended Answer removed its former third, seventh, and eighth affirmative defenses as Plaintiff conceded that it has no registered trademark in the subject trade dress. Accordingly, Plaintiff's Motion to Strike Defendant's former third, seventh, and eighth affirmative defenses will be denied as moot.

Section 43(a) of the Lanham Act creates a cause of action for "any person who believes that he or she is likely to be damaged by another person's use of a mark "that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person." 15 U.S.C. § 1125(a)(1)(A). The Supreme Court held that the standing requirements under Section 43(a) are satisfied where a plaintiff has sufficiently alleged (1) that its interest "fall[s] within the zone of interests protected by the [Lanham Act]" and (2) that its injuries are "proximately caused by violations of the statute." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129, 132 (2014) (citations omitted).

Here, Plaintiff has satisfied both prongs of the *Lexmark* test. Specifically, Plaintiff has alleged that it owns prior common law rights in the United States in the distinctive LBP Trade Dress. (Complaint ¶¶ 11–19.) Second, Plaintiff has alleged that Defendant's unauthorized packaging is likely to cause confusion with the LBP Trade Dress, causing injury to Plaintiff's commercial interests, reputation, and goodwill. (*Id*. ¶¶ 27–29.) Furthermore, to the extent Defendant claims that the LBP Trade Dress is "not valid" because Plaintiff relies on common law rights, this argument is inapposite because a registration is not required for a Section 43(a) claim. *See e.g., Two Pesos, Inc. v. Taco Cabana*, 505 U.S. 763, 768 (1992) (acknowledging that Section 43(a) protects unregistered trade dress). Accordingly, because Plaintiff has adequately asserted standing under Section 43(a), Defendant's second affirmative defense will be stricken.

2. The Fifth Affirmative Defense

Defendant's fifth (formerly sixth) affirmative defense asserts that "Plaintiff's claims are barred by Law, in whole or in part, by applicable statutes of Trade Dress and Intellectual Property law." (Am. Answer at 16.) Plaintiff argues that the fifth affirmative defense should be stricken because it does not provide fair notice of the nature of the alleged defenses. (Moving Br. at 28.)

Affirmative defenses must be pled in a way that prevents surprise and undue prejudice to the plaintiff. *Robinson v. Johnson*, 313 F.3d 128, 134–35 (3d Cir. 2002) ("The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed.") (citations omitted). "[W]hile an affirmative defense does not need to meet the *Iqbal/Twombly* plausibility standard, the pleading must still give plaintiffs 'fair notice' of the defense." *Vazquez v. Triad Media Sols., Inc.*, Civ. No. 15-7220, 2016 WL 155044, at *3 (D.N.J. Jan. 13, 2016) (citing *Mifflinburg Telegraph, Inc. v. Criswell*, 80 F. Supp. 3d 566, 574 (M.D. Pa. 2015)). A defendant satisfies the fair notice requirement by "including a short and plain statement of the grounds for asserting an affirmative defense that demonstrates a logical relationship to the lawsuit or refer to general facts elsewhere in any parties' pleadings." *Id*. (quotation marks and citations omitted). Fair notice, however, "requires more than a mere rote recitation of generally available affirmative defenses without citation to any other fact or premise from which an inference may arise that the stated defense is logically related to the case in any way." *Id*. (quotation marks and citations omitted). As a result, the Court must strike defenses that are so vague because they do not provide the plaintiff with adequate notice of the defense being asserted. *See Small v. Warren*, Civ. No. 15-8886, 2018 WL 6322438, at *2 (D.N.J. Dec. 4, 2018).

Defendant's affirmative defense that Plaintiff's "claims are barred, in whole or in part, by applicable statutes of Trade Dress and Intellectual Property law" is too vague as it gives zero indication as to why Plaintiff's claims are allegedly barred by these statutes and instead simply makes a bald assertion. *See Vazquez*, 2016 WL 155044, at *3 (striking Defendant's affirmative defense that the plaintiff's claims were "barred by the First Amendment to the United States

Constitution" because it gave "no indication how [p]laintiff's claims or the statute at issue [we]re in any way limited by First Amendment principles (or which First Amendment principles Defendant intend[ed] to raise)"; *see also Small,* 2018 WL 6322438, at *3 (striking the affirmative defense that "Defendants are immune from civil liability for any damages sought by Plaintiff pursuant to N.J.S.A. § 30:4-16 et seq." because "Respondent Defendants cannot point to a broad swath of statutory sections and then simply claim immunity."). To further its ambiguity, Defendant's affirmative defense also does not identify which "Trade Dress and Intellectual Property law[s]" purportedly bar Plaintiff's claims. In short, the Court finds this affirmative defense is so vague that it does not provide Plaintiff with adequate notice of the defense being asserted. *Id.* Accordingly, Defendant's fifth affirmative defense will be stricken for vagueness.

    3.  <u>The Tenth and Eleventh Affirmative Defenses</u>

Defendant's tenth and eleventh affirmative defenses assert "Plaintiff's claims are barred because Defendant LLC did not act with malice or with reckless indifference to the federally protected rights of Plaintiff" (formerly the thirteenth affirmative defense) and "Plaintiff is not entitled to its sought injunction nor damages, because Defendant made good faith efforts to comply with trade dress laws and other applicable laws" respectively (formerly the fourteenth affirmative defense). (Am. Answer at 17.) Plaintiff argues that these affirmative defenses "should be stricken because good faith is no defense to trade dress infringement." (Moving Br. at 27.)

Plaintiff's complaint requests punitive damages. Specifically, Plaintiff pleads under its "Prayer for Relief", "[Plaintiff] respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including but not limited to the following . . . An Order requiring [Defendant] to pay [Plaintiff] punitive damages for trade dress

13

infringement and unfair competition under New Jersey common law pursuant to N.J.S.A. 2A:15-5.9, et seq and other applicable laws". (Compl. at 23.)

By statute, New Jersey requires that punitive damages be denied unless the plaintiff can prove, by clear and convincing evidence, that the injury, loss, or harm suffered was the result of the defendant's acts or omissions that were malicious, or that the defendant acted in a wanton and willful disregard of the plaintiff's rights. N.J.S.A. 2A:15-5.12(a). Willfulness, reckless indifference, and evil motive need also be considered in damages calculations in trade dress infringement cases. *Charles Jacquin Et Cie, Inc. v. Destileria Serralles, Inc.*, 921 F.2d 467, 471–72 (3d Cir. 1990). Accordingly, since malice and/or willful and wanton actions are factors to consider when deciding whether to award punitive damages, and since Plaintiff requests punitive damages in its complaint, Defendant's affirmative defenses asserting malice, reckless indifference, and good faith—Defendant's tenth and eleventh affirmative defenses—will not be stricken.

    4. <u>Sixth Affirmative Defense</u>

Although Plaintiff broadly asserts in one sentence that the sixth (formerly ninth) affirmative defense should be stricken, it is neither addressed nor elaborated upon its basis for seeking that relief in its briefing. As such, the sixth affirmative defense will not be stricken.

**V.**     **<u>CONCLUSION</u>**

For the reasons stated above, the Court will GRANT-IN-PART and DENY-IN-PART as follows: GRANT Plaintiff's Motion to Dismiss Defendant's Counterclaims, GRANT Plaintiff's Motion to Strike Defendant's Second, and Fifth Affirmative Defenses, DENY Plaintiff's Motion to Strike Defendant's Sixth, Tenth, and Eleventh Affirmative Defense, and DENY AS MOOT Plaintiff's Motion to Strike Defendant's former

Third, Seventh, and Eighth affirmative defenses.  An appropriate Order will follow.


Date: **March 17, 2023**

                                                                                        s/ Zahid N. Quraishi
                                                                                        **ZAHID N. QURAISHI**
                                                                                        **UNITED STATES DISTRICT JUDGE**